# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Bruce E. Waugh,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0988**    (BOR Appeal No. 2056801)
                           (Claim No. 2019012819)

**APG Polytech, LLC,**
**Employer Below, Respondent**


# MEMORANDUM DECISION


Petitioner Bruce E. Waugh appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent APG Polytech, LLC filed a timely response.[1] The issue on appeal is permanent partial disability. The claims administrator granted a 6% permanent partial disability award on July 29, 2019. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its May 14, 2021, order and granted petitioner a 12% permanent partial disability award. The order was reversed by the Board of Review on November 10, 2021, and the claims administrator's decision was reinstated. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

On December 17, 2018, petitioner, a technician, suffered a work-related crush injury to his right thumb while he was inspecting a device used to thread polymer materials. The lid on the device failed to stay open and fell on petitioner's thumb. The emergency room report stated that petitioner had feeling at the distal tip of his right thumb and could move the thumb both at the metacarpophalangeal joint and the interphalangeal joint. However, part of the distal phalanx of the right thumb was clipped back, and petitioner was instructed to follow-up with Steven Novotny, M.D. Dr. Novotny subsequently found that some nail was growing on the radial side of the right thumb and was causing irritation. Dr. Novotny determined a nail material ablation was necessary to reduce the risk of recurrent infections. Therefore, during the ablation procedure, the section of the nail plate that was growing was completely removed down to the bone.

Petitioner was seen by Bruce A. Guberman, M.D., for an independent medical evaluation on May 21, 2019. Dr. Guberman found that petitioner's right thumb measured 5 centimeters in length while his uninjured left thumb measured 6 centimeters. Consequently, Dr. Guberman determined that there was an amputation of the first 1 centimeter of the distal phalanx of

---

[1]Petitioner is represented by Edwin H. Pancake, and respondent is represented by Jillian L. Moore.

petitioner's right thumb, representing 17% of the total thumb length in comparison to the intact left thumb. Dr. Guberman declined to give an impairment rating pursuant to West Virginia Code § 23-4-6(f), which provides for a rating of 12% impairment for the loss of one phalanx of a thumb. Instead, Dr. Guberman gave petitioner an impairment rating for the right thumb based upon the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("AMA *Guides*"). Dr. Guberman found that petitioner had 5% impairment due to range of motion limitations and 1% impairment for the scar at the distal end of the right thumb and the complete removal of the right thumbnail. Thus, Dr. Guberman's overall impairment rating for petitioner's injured right thumb was 6% impairment. Following Dr. Guberman's report, the claims administrator granted petitioner a 6% permanent partial disability award on July 29, 2019. Petitioner protested the 6% award.

To support his protest, petitioner testified at a deposition on June 24, 2020. Petitioner stated that he believed he lost a substantial portion of his right thumb. Petitioner explained that, due to the missing part of the right thumb, he had difficulty opening a bag of chips, getting out his pocketknife, and peeling an orange. Petitioner further testified that, on the job, holding a pen or pencil is more difficult and that, if he has to go somewhere in the plant to work on something, the loss of a portion of the distal phalanx of his right thumb impedes his ability to perform that task. On cross-examination, petitioner admitted that he still had a portion of his right thumb above the interphalangeal joint.

Randall Short, D.O., was requested to review Dr. Guberman's report and additional medical records submitted by petitioner. In a November 17, 2020, report, Dr. Short found that the photographs of petitioner's right thumb clearly showed that the interphalangeal joint and a part of the distal phalanx of the thumb were not amputated. Dr. Short further agreed with Dr. Guberman's decision to give petitioner an impairment rating based upon the AMA *Guides* rather than assigning him the 12% impairment set forth in West Virginia Code § 23-4-6(f) for the loss of a phalanx of a thumb. However, due to petitioner's questioning of Dr. Guberman's impairment rating, Dr. Short recommended that petitioner undergo an additional evaluation so that a second opinion could be obtained.

Petitioner was seen by David L. Soulsby, M.D., for an independent medical evaluation on January 6, 2021. Like Dr. Guberman, Dr. Soulsby found that petitioner lost the first 1 centimeter of the distal phalanx of the right thumb. Dr. Soulsby calculated that less than half (approximately 30%) of the distal phalanx was lost through amputation. Therefore, Dr. Soulsby agreed with Dr. Guberman's decision not to give petitioner an impairment rating pursuant to West Virginia Code § 23-4-6(f). Using the AMA *Guides*, Dr. Soulsby gave petitioner an overall impairment rating of 5% for his right thumb. With regard to Dr. Guberman's impairment rating of 6%, Dr. Soulsby attributed the slight difference in the two ratings to examiner's discretion and the likely resolution of some of the stiffness in the right thumb over time.

In its May 14, 2021, Order, the Office of Judges reversed the claims administrator's decision granting a 6% permanent partial disability award and granted petitioner a 12% permanent partial disability award pursuant to West Virginia Code § 23-4-6(f). The Office of Judges found that petitioner's deposition testimony and the photographs he submitted of his right thumb

established his entitlement to the statutory award set forth in West Virginia Code § 23-4-6(f) for the loss of one phalanx of the thumb.

On November 10, 2021, the Board of Review reversed the Office of Judges' order and reinstated the claims administrator's decision granting petitioner a 6% permanent partial disability award. Relying upon Syllabus Point 2 of *Holstein v. State Compensation Director*, 150 W. Va. 315, 145 S.E.2d 455 (1965), the Board of Review found that petitioner did not suffer a "substantial loss" of the distal phalanx of his right thumb and, therefore, was not entitled to the statutory 12% permanent partial disability award.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior ruling of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code §§ 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we find no error in the reasoning and conclusions of the Board of Review. "Pursuant to W. Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence." Syl. Pt. 2, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016). West Virginia Code § 23-4-6(f) provides, in pertinent part, that the loss of one phalanx of a thumb "shall be considered a twelve percent disability." In Syllabus Point 2 of *Holstein*, this Court held that the loss must be "substantial" for a claimant to be entitled to the statutory award under West Virginia Code § 23-4-6(f) for the loss of a phalanx. 150 W. Va. at 316, 145 S.E.2d at 456. Petitioner argues that he had a substantial loss of the distal phalanx of his right thumb and that the photographs he submitted showing the thumb support his entitlement to the statutory 12% permanent partial disability award. While we have reviewed the photographs of petitioner's right thumb, we note that both physicians who examined petitioner's right thumb, Drs. Guberman and Soulsby, found that he lost only the first 1 centimeter of the distal phalanx of the right thumb. Dr. Soulsby calculated that less than half of the distal phalanx was lost through amputation. Therefore, the Board of Review properly concluded that petitioner failed to prove his claim to the statutory 12% permanent partial disability award for the loss of a phalanx of a thumb pursuant to West Virginia Code § 23-4-6(f).

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn